#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **CORNERSTONE MARKETING, LLC,** | ) ) | **CONSOLIDATED CASES** |
| Plaintiff, | ) ) ) | Case No.:  11-cv-2284 CM/JPO |
| v. | ) ) ) | |
| **MPOWER MOBILE, INC.** | ) ) ) | |
| Defendant. | ) | |
| **MPOWER VENTURES, LP,** | ) ) ) | Case No.:  11-cv-2654 CM/JPO |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| **CORNERSTONE MARKETING, LLC,** | ) ) ) | |
| Defendant. | ) | |

### STIPULATED PROTECTIVE ORDER

This Stipulated Protective order (the "Order") is issued to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Good cause for a protective order exists. Specifically, these cases involve claims for trademark infringement and unfair competition. As such, the parties possess trade secret or other confidential research, development, commercial, financial or other proprietary information that may relate to the subject matter of this action. The parties recognize that in the course of discovery proceedings it may be necessary to disclose such information to the other party, but the parties wish to ensure that adequate precautions are taken to protect the information. Accordingly, the parties agree to this Stipulated Protective Order for the protection of the parties' confidential information. Unless

1

modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of the above captioned matter. It is ordered that:

1. This Order shall apply to documents and other information produced in discovery by any party or any non-party responding to discovery or a subpoena herein ("producing party") which fall under the following categories of documents, information or materials containing: trade secrets or other confidential, commercial, or proprietary information including, without limitation, non-public financial statements, accounting records, information about business methods or processes, merchandising practices, strategies, cost data, pricing data, other sales data, financial data, advertising and marketing data, contracting data, plans and strategies, business and marketing plans, and information related to intellectual property.

2. For the purpose of this Order, any document, portion of a document, information, or material may be designated as Confidential to the extent that it contains the above mentioned types of information found in paragraph 1 ("Confidential Materials").

3. For the purpose of this Order, to the extent a party has documents, portions of documents or other materials that fall within the category of "Confidential Materials" and this information should not be revealed to an opposing party, this documentation, portion of a document, information or other material may be further designated as Highly Confidential ("Highly Confidential Materials").

4. The provisions of this Order extend to all designated Highly Confidential Materials and Confidential Materials regardless of the manner in which they are disclosed, including but not limited to documents, interrogatory answers, responses to requests for production of documents and for admission, deposition transcripts, deposition exhibits, and any other discovery materials produced

by a party or non-party in response to or in connection with any discovery conducted in this litigation, and any copies, notes, abstracts, or summaries of the foregoing materials.

5. Any material that the producing party designates in writing or by stamp or label on the face of the document at the time of its original production as "Highly Confidential" or "Confidential" shall be treated as such by the party in receipt of such production ("receiving party") unless the Court shall rule otherwise.

6. To the extent that material stored or recorded in the form of electronic or magnetic media ("Computerized Material"), which includes without limitation information, files, databases, or programs stored on any digital or analog machine-readable device, computers, disks, networks, or tapes, is produced by any party in such form, the producing party may specify by cover letter or upon the physical means of transmission (e.g., the disk), as appropriate, such material or a portion thereof as Highly Confidential or Confidential. Whenever a receiving party reduces Computerized Material designated as Highly Confidential or Confidential to hardcopy form, such party shall mark such hardcopy with the "Highly Confidential" or "Confidential" legend.

7. Inadvertent failure to designate material as "Highly Confidential" or "Confidential" may be corrected at any time by a written notice that specifies the materials to be designated as "Highly Confidential" or "Confidential," as the case may be, which designation shall operate prospectively pursuant to the terms of this Order.

8. Unless leave of Court or consent of the producing party is first obtained, all material designated as Highly Confidential or Confidential shall be used only for the purposes of prosecuting or defending this lawsuit (including appeals) and for no other purpose, including, without limitation, any business or commercial purpose.

9. Subject to the requirements set forth below, Highly Confidential Materials, including any copies, notes, abstracts, or summaries thereof, shall be disclosed to or reviewed by only the following, who shall be deemed "Highly Confidential Authorized Persons":

(a) (i) outside counsel of record in this lawsuit for the receiving party, including other lawyers in their firms working on this lawsuit and their legal assistants, secretaries, and other staff, as well as their outside photocopying or graphic production vendors; (ii) not more than two (2) inside counsel for the receiving party, provided that such persons are actively engaged in assisting outside counsel of record with respect to this litigation, as well as his or her outside photocopying or graphic production vendors;

(b) expert witnesses or other outside consultants who (i) are retained by or through any attorney described in Paragraph 9(a) above to assist in the prosecution or defense of this lawsuit, and (ii) are not a current employee, officer, or director of any party or of any parent (direct or indirect), subsidiary, member, or affiliate of any party;

(c) (i) a person who prepared the Highly Confidential Materials prior to their production or (ii) a person who received the Highly Confidential Materials prior to their production unless such person is presently employed by or acting as a consultant to the receiving party (other than an expert witness or other outside consultant described in Paragraph 9(b)) in which event such person is not a Highly Confidential Authorized Person pursuant to this subsection (9(c)(ii));

(d) this Court, jurors or alternate jurors, Court employees (including clerks and staff of the Court), court reporters transcribing testimony herein, and notarizing officers; and

(e) nothing in this Order shall preclude the parties from agreeing to disclose Highly Confidential Materials or Confidential Materials to persons otherwise outside the scope of

paragraphs 9 or 10 so long as the producing party agrees, in writing, to such disclosure.

10. Subject to the requirements set forth below, Confidential Materials, including any copies, notes, abstracts, or summaries thereof, shall be disclosed to or reviewed by only the following, who shall be deemed "Confidential Authorized Persons":

(a) Highly Confidential Authorized Persons as set forth in paragraph 9; and

(b) employees, directors, officers, or agents of the receiving party.

11. Prior to or at the time that a party discloses the Highly Confidential Materials to a Highly Confidential Authorized Person pursuant to Paragraphs 9(b) or 9(e), the party must advise that Highly Confidential Authorized Person of the confidentiality obligations contained in the Order, and the Highly Confidential Authorized Person must execute a Certification in the form attached hereto as *Exhibit A*. The originals of such Certifications shall be maintained by outside counsel of the receiving party until the final resolution of this litigation. Certifications shall not be subject to discovery except upon agreement of the parties or further order of the Court after application upon notice and good cause shown.

12. Should counsel for a receiving party object to the designation by the producing party of any particular material as Highly Confidential or Confidential, such counsel shall notify counsel for the producing party in writing that he or she objects to the designation, specifying with particularity the material he or she believes has been classified improperly and the basis for his or her contention that said document should not be designated as Highly Confidential or Confidential, as the case may be. A party shall not be obligated to challenge the propriety of a designation as "Highly Confidential" or "Confidential" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. Upon receipt by the designating party of such written objection,

counsel shall negotiate in good faith to resolve the dispute as to the designation. If counsel are unable to agree upon the handling of the disputed material, counsel for the receiving party may file with the Court a motion objecting to the designation of such material as Highly Confidential or Confidential. The party designating the material as Highly Confidential or Confidential shall bear the burden of demonstrating with a preponderance of the evidence that the material has been properly designated. During the pendency of any such objection, dispute, or motion, the material designated as Highly Confidential or Confidential, as the case may be, shall be handled in accordance with the terms of this Order.

13.     In the event additional parties join or are joined in this litigation, they shall not have access to Highly Confidential Materials or Confidential Materials until the newly joined party by its counsel has agreed to be bound by this Order.

14.     In the event any party wishes to use Highly Confidential Materials at a deposition, the producing party may compel all persons other than the deponent, court reporter, and other Highly Confidential Authorized Persons as set forth in Paragraph 9 to be excused from the deposition during the time that the Highly Confidential Materials are being disclosed or discussed. No party shall use Highly Confidential Materials at the deposition of any person who is not a Highly Confidential Authorized Person without either consent of the producing party or further Order of the Court. To the extent Highly Confidential Materials of a producing party that is not a party to this action are used at a deposition, the party that noticed the deposition must send a copy of the deposition transcript and exhibits to counsel for the producing party within ten (10) business days of such noticing party's receipt of such materials from the court reporter.

15. At the time of a deposition or within thirty (30) days after its counsel's receipt of the deposition transcript, any party or producing party may designate as Highly Confidential Materials or Confidential Materials the portions of the transcript that contain or relate to Highly Confidential Materials or Confidential Materials, as the case may be, or that relate to matters which are deemed to be Highly Confidential or Confidential, as the case may be. All portions of deposition transcripts shall be treated as Highly Confidential Materials until thirty (30) days after receipt of the deposition transcript by the designating party.

16. In the event a party wishes to use any "Highly Confidential" or "Confidential" information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, the party must file such "Highly Confidential" or "Confidential" information under seal, so long as leave is granted by the Court pursuant to D. Kan. R. 5.4.6.

17. Before the earlier of (a) any hearing in open court involving any Confidential Materials or Highly Confidential Materials or (b) the trial of this action, counsel for all parties shall negotiate in good faith to seek to reach an agreement (subject to Court approval) on the handling of any Confidential Materials and Highly Confidential Materials so as to provide protection against public disclosure of the Confidential Materials and Highly Confidential Materials. Any such agreement reached shall be submitted to the Court for approval. If no agreement is reached, counsel shall submit proposals to the Court for its consideration and determination prior to the trial or hearing. The parties shall thereafter abide by such order, if any, that the Court may enter. Nothing in this Order precludes disclosure of any Highly Confidential Materials or Confidential Materials to the Court and its employees in accordance with the provisions of this Order.

18.	At the conclusion of this action, including all appeals, counsel for the receiving parties shall either: (1) surrender to counsel for the producing party all Highly Confidential Materials and Confidential Materials previously furnished by the producing party, including copies, extracts, notes, and summaries made or containing information therefrom; or (2) destroy any such material. Counsel for the receiving party shall confirm in writing their compliance with any such request of counsel for the producing party.  Nothing in this Order shall prevent counsel for the receiving party from retaining attorney work product, such as summaries or other documents or writings prepared by or for said counsel, that contain or refer to Highly Confidential Materials or Confidential Materials, provided that such summaries or other documents or writings are thereafter maintained under the conditions of confidentiality set forth in this Order.

19.	The provisions of this Order shall not terminate upon the conclusion of this action or any and all appeals from any final judgment, even though the Court's jurisdiction is terminated upon final disposition of this case; provided, however, that this Order shall not be construed: (a) to prevent any party or its counsel from making use of information that was lawfully in its possession prior to the production of that information by the producing party; (b) to apply to information that appears in printed publications, is used in a court proceeding without being placed under the protection of this Order, or otherwise becomes publicly known without fault of any party; or (c) to apply to information that any party or its counsel has, since production by the producing party, otherwise lawfully obtained.

20.	Neither the final resolution or termination of this lawsuit nor the termination of employment of any person who has access to any Highly Confidential Materials or Confidential

Materials shall relieve such person from the obligation of maintaining the confidentiality of such information.

21. If any person receiving documents covered by this Order is subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document demand seeks Highly Confidential Materials or Confidential Materials that were designated as such by a party other than the receiving party, the receiving party shall give notice by hand, overnight delivery, email or facsimile transmission as soon as practicable before the required production date, but no later than seven (7) days after receipt of such subpoena or document demand, whichever is sooner, to the producing party of such designated materials at the addresses set forth in ***Exhibit B***.

22. Inadvertent Disclosure:

(a) Inadvertent disclosure of information subject to the attorney-client, work-product doctrine, or any other applicable privilege or protection shall not be deemed a waiver of such privilege or protection, provided that the producing party shall advise the receiving party of such inadvertent production promptly upon its discovery. All copies of such inadvertently produced documents shall be returned to the producing party upon request. The receiving party shall retrieve and destroy all copies and any portions of notes, papers, summaries, or other instruments that comprise, embody, summarize, discuss, or quote from documents or things for which the attorney-client privilege, work product immunity, or other immunity from production is asserted and shall provide written notification of the destruction to the producing party. No use shall be made of such document, including during depositions or at trial, nor shall they be shown to anyone subsequent to the request to return them. The receiving party shall not argue waiver of the privilege or immunity based on such inadvertent production.

(b) Within ten (10) business days of the receiving party's return of the inadvertently produced materials, the producing party shall serve on the receiving party a privilege log listing such materials. Nothing herein shall prevent the receiving party from moving to compel the production of, or otherwise challenging the privileged status of, any inadvertently produced documents.

23. Nothing contained in this Order shall preclude any party or its attorneys from disclosing or using, in any manner or for any purpose, any information or documents from the party's own files that the party itself has designated as Highly Confidential Materials or Confidential Materials.

24. Nothing contained in this Order shall affect the right, if any, of any party or witness to make any type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents, or questions at a deposition. Nor shall this Order be construed as a waiver by any party of any legally cognizable privilege to withhold any Highly Confidential Materials or Confidential Materials or any right that any party may have to assert such privilege at any stage of this litigation.

25. Non parties producing Highly Confidential Materials or Confidential Materials may designate such materials as "Highly Confidential" or "Confidential" as the case may be, in the manner and with the protections set forth for parties in this Order.

26. This Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained herein.

IT IS SO ORDERED.

Dated February 22, 2012, at Kansas City, Kansas.

                                      s/ James P. O'Hara
                                      James P. O'Hara
                                      U.S. Magistrate Judge

Respectfully Submitted By:

| STINSON MORRISON HECKER LLP | POLSINELLI SHUGHART |
|---|---|
| */s/ Robin K. Carlson* | */s/ John M. Challis* |
| ROBIN K. CARLSON (# 21625) | KEITH J. GRADY (# 78132) |
| rcarlson@stinson.com | kgrady@polsinelli.com |
| 1201 Walnut Street, Suite 2900 | JOHN M. CHALLIS (# 78312) |
| Kansas City, MO 64106-2150 | jchallis@polsinelli.com |
| Phone: 816-842-8600 | 100 South Fourth Street, Suite 1000 |
| Fax: 816-691-3495 | St. Louis, MO 63012 |
|  | Phone: 314-889-8000 |
| -AND- | Fax: 314-231-1776 |
| PIRKEY BARBER, LLP | LAUREN TUCKER McCUBBIN (# 21960) |
|  | ltucker@polsinelli.com |
| Christopher L. Graff, Esq. | Twelve Wyandotte Plaza |
| cgraff@pirkeybarber.com | 120 West 12th Street |
| Wendy C. Larson, Esq. | Kansas City, MO 64105 |
| wlarson@pirkeybarber.com | Phone: 816-421-3355 |
| 600 Congress Avenue | Fax: 816-374-0509 |
| Suite 2120 |  |
| Austin, TX 78701 | ATTORNEYS FOR |
| Phone: 512-322-5200 | CORNERSTONE MARKETING, LLC |
| Fax: 512-322-5201 |  |

ATTORNEY FOR MPOWER VENTURES, LP,
AND MPOWER MOBILE, INC.

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| **CORNERSTONE MARKETING, LLC,**         Plaintiff,<br><br>v.<br><br>**MPOWER MOBILE, INC.**         Defendant. | **CONSOLIDATED CASES**<br><br>**Case No.:   11-cv-2284 CM/JPO** |
| **MPOWER VENTURES, LP,**         Plaintiff,<br><br>v.<br><br>**CORNERSTONE MARKETING, LLC,**         Defendant. | **Case No.:   11-cv-2654 CM/JPO** |

**CONFIDENTIAL AND HIGHLY CONFIDENTIAL MATERIALS**

NOW, on this ____ day of _____, 201__, I hereby certify that I have been provided with a copy of the Stipulated Protective Order in this case, that I have read the same, that I understand all of its terms and provisions, I agree to be bound by it in all respects, including, without limitation, the following two provisions:

- unless leave of Court or consent of the producing party is first obtained, all material designated as Highly Confidential or Confidential (as those terms are defined in the Stipulated Protective Order) shall be used for the purposes of prosecuting or defending this lawsuit (including appeals) and for no other purpose, including, without limitation, any business or commercial purpose, and

· Highly Confidential Material, including any copies, notes, abstracts, or summaries thereof, shall be disclosed to or reviewed by only Highly Confidential Authorized Persons (as those terms are defined in the Stipulated Protective Order),

and that I agree to be subject to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of the Stipulated Protective Order.

_____
Signature

_____
Print Name

_____

_____
Address

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **CORNERSTONE MARKETING, LLC,** | ) | **CONSOLIDATED CASES** |
| | ) | |
| | ) | **Case No.:   11-cv-2284 CM/JPO** |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **MPOWER MOBILE, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| **MPOWER VENTURES, LP,** | ) | |
| | ) | |
| | ) | **Case No.:   11-cv-2654 CM/JPO** |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **CORNERSTONE MARKETING, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

For materials designated by MPOWER VENTURES, L.P. and MPOWER MOBILE, INC.:

>Wendy C. Larson
>PIRKEY BARBER LLP
>600 Congress Avenue, Suite 2120
>Austin, Texas 78701
>wlarson@pirkeybarber.com

For materials designated by CORNERSTONE MARKETING, LLC:

>John M. Challis
>POLSINELLI SHUGHART PC
>100 S. Fourth Street, Suite 1000
>St. Louis, Missouri 63102
>jchallis@polsinelli.com